IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN F., <br><br>     Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br>     Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:20-cv-00080-PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Stephen F.'s appeal from the decision of the Social Security Administration denying his application for disability and disability insurance benefits. The Court held oral arguments on July 20, 2021. Having considered the arguments of the parties, reviewed the record and relevant case law, and being otherwise informed, the Court will reverse and remand the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4]  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5]  The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6]  However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II.  BACKGROUND

A.   PROCEDURAL HISTORY

In August 2017, Plaintiff filed an application for disability and disability insurance benefits, alleging disability beginning on December 22, 2016.[8]  The claim was denied initially and upon reconsideration.[9]  Plaintiff then requested a hearing before an ALJ, which was held on August 6, 2019.[10]  The ALJ issued an unfavorable decision on September 12, 2019.[11]  The Appeals Council denied review on June 18, 2020,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

---

[4] *Id.* at 1009–10.

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 169–76. Plaintiff was previously awarded disability benefits for a closed period ending on May 31, 2014.  *Id.* at 53–69.  Plaintiff was found not disabled after June 1, 2014.  *Id.*

[9] *Id.* at 70, 103.

[10] *Id.* at 37–52.

[11] *Id.* at 20–36.

[12] *Id.* at 1–7.

[13] 20 C.F.R. § 422.210(a).

On July 31, 2020, Plaintiff filed his complaint in this case.[14] On October 23, 2020, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] The Commissioner filed an answer and the administrative record on October 6, 2020.[16]

Plaintiff filed his Opening Brief on January 25, 2021.[17] The Commissioner's Answer Brief was filed on April 5, 2021.[18] Plaintiff filed his Reply Brief on April 19, 2021.[19]

B.   MEDICAL HISTORY

Prior to the relevant period, Plaintiff was involved in a bicycle accident from which he incurred multiple injuries.[20] Plaintiff has been diagnosed with traumatic brain injury with residual cognitive impairment and mood dysregulation with features of anxiety, irritability, and depression; chronic daily headache with features of migraine; and dizziness.[21] Plaintiff alleged disability based on lower back pain, abnormal venous plexus around sciatic nerve, head injury, headaches, and difficulty concentrating.[22] Plaintiff has a history of seeking treatment for back

---

[14] Docket No. 3.
[15] Docket No. 14.
[16] Docket Nos. 17–22.
[17] Docket No. 25.
[18] Docket No. 29.
[19] Docket No. 30.
[20] R. at 420.
[21] *Id.*
[22] *Id.* at 187.

3

pain. Plaintiff has also complained about migraine headaches, which have been treated with medication with limited success. In addition, he has complained of anxiety and irritability.

C. HEARING TESTIMONY

At the hearing before the ALJ, Plaintiff complained of back pain, headaches, dizziness, and confusion that led to anxiety.[23] Plaintiff stated that he suffered from migraines three to four times per week and that he had to lie down with the curtains drawn to cope with the pain.[24] Plaintiff stated that he spent time watching television, but had difficulty following what was happening.[25]

D. THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 22, 2016, the alleged onset date.[26] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: major depressive disorder, intermittent explosive disorder, generalized anxiety disorder, and degenerative disc disease of the lumbar spine.[27] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[28] The ALJ determined that Plaintiff had

---

[23] *Id.* at 42, 44.
[24] *Id.* at 45.
[25] *Id.* at 48.
[26] *Id.* at 25.
[27] *Id.*
[28] *Id.* at 25–27.

the residual functional capacity ("RFC") to perform light work with certain modifications.[29]  At step four, the ALJ determined that Plaintiff could not perform any past relevant work.[30]  At step five, the ALJ found that there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, he was not disabled.[31]

III.  DISCUSSION

Plaintiff raises three issues in his brief: whether the ALJ erred in his evaluation of Plaintiff's mental impairments; whether the ALJ failed to properly evaluate Plaintiff's headaches; and whether the Appeals Council erred in its evaluation of evidence submitted after the ALJ's decision.  The Court will limit its discussion to the ALJ's evaluation of Plaintiff's headaches.

Plaintiff argues that the ALJ erred in his evaluation of Plaintiff's headaches.  Plaintiff has long complained of and sought treatment for migraine headaches.[32]  Plaintiff has been prescribed pain medication, which has had limited success.  At the hearing, Plaintiff testified that he had headaches three to four times per week and that he has to lie in a darkened room for hours at a time to relieve them.[33]  Sometime after the ALJ's decision, Plaintiff submitted a letter from his former employer who stated that Plaintiff often missed work because of his headaches and dizziness.[34]

---

[29] *Id.* at 27–30.
[30] *Id*. at 30.
[31] *Id.* at 30–31.
[32] *Id.* at 361, 387, 388, 403, 404, 419, 420, 423, 426, 427, 430, 431, 433, 437.
[33] *Id.* at 45.
[34] *Id.* at 14.

The ALJ's decision is largely devoid of any discussion of Plaintiff's headaches. The ALJ acknowledged that Plaintiff suffered from migraines.[35] However, the ALJ did not find them to be a severe impairment, did not discuss whether they met or equaled a listed impairment, and did not discuss whether Plaintiff's headaches would cause any additional limitations when determining Plaintiff's residual functional capacity.

To the extent that Plaintiff argues that the ALJ erred at step two, any error is harmless because the ALJ found other severe impairments and continued the analysis.[36] However, in determining Plaintiff' residual functional capacity, the ALJ was required to consider all of Plaintiff's medically determinable impairments, including those that are not severe.[37] Here, "[t]he ALJ never mentioned, let alone considered the effects of, migraines or headaches at step four in determining [Plaintiff's] RFC."[38] There is ample evidence in the record to support Plaintiff's claims of headaches. There is also evidence that those headaches could result in limitations.[39] Yet the ALJ failed to account for any such limitations in the RFC analysis or discuss why additional limitations were not supported by the record. At most, the ALJ pointed to a negative MRI.[40] However, "an unremarkable MRI is consistent with a primary headache

---

[35] *Id.* at 28.

[36] *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

[37] *Id.*; *see also* 20 C.F.R. § 404.1545(e).

[38] *Deardorff v. Comm'r, SSA*, 762 F. App'x 484, 486 (10th Cir. 2019).

[39] R. at 443–44 (Treating Source Statement of Physical Limitations from Jude Theriot, M.D.).

[40] *Id.* at 28, 441.

disorder diagnosis."[41]  Therefore, the mere presence of an unremarkable MRI is not sufficient and remand is required for further consideration of Plaintiff's headaches.[42]  Because this case must be remanded, the Court will not address the other issues raised by Plaintiff.[43]

## IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED this 26th day of July, 2021.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[41] SSR 19-4p, 2019 WL 4169635, at *4 (Aug. 26, 2019).

[42] *Deardorff*, 762 F. App'x at 486–90 (remanding the Commissioner's decision where the ALJ failed to consider the effects of the plaintiff's headaches in assessing the claimant's RFC).

[43] *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (declining to address other issues raised on appeal when the ALJ's error affected the analysis as a whole); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").